The document below is hereby signed.

Signed: June 4, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RUFUS STANCIL, | ) | Case No. 18-00327 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE DISMISSAL FOR FAILURE
TO FILE A CERTIFICATE OF PREPETITION CREDIT COUNSELING

The debtor failed to file a certificate of prepetition credit counseling and filed only a certificate of postpetition credit counseling.  For the following reasons, this case must be dismissed.

I

Under 11 U.S.C. § 109(h)(1), with exceptions of no applicability here, the debtor was required to obtain prepetition credit counseling from an approved agency.[1]  Under 11 U.S.C. § 521(b)(1), the debtor was required to file a certificate from

---

[1] The debtor has not invoked an exception to § 109(h)(1). Specifically, he has not filed a certification under 11 U.S.C. § 109(h)(3)(A) seeking an exemption, and he has not claimed that 11 U.S.C. § 109(h)(4) applies to make § 109(h)(1) inapplicable to him.

the approved agency "that provided the debtor services under section 109(h) describing the services provided to the debtor." As noted in *In re Rendler*, 368 B.R. 1, 2 (Bankr. D. Minn. 2007) (citations omitted), "[t]he filing of such certificate . . . is required by 11 U.S.C. § 109(h), as evidence that a debtor received the services before filing a bankruptcy petition." A debtor who fails to file a certificate in accordance with § 521(b)(1) evidencing that the debtor obtained prepetition credit counseling is not eligible to be a debtor under the Bankruptcy Code and dismissal is appropriate. *Duncan v. LaBarge (In re Duncan)*, 418 B.R. 278, 280–81 (B.A.P. 8th Cir. 2009).

Although the debtor has filed a certificate from an approved agency, the certificate describes credit counseling completed *postpetition*, not services completed *prepetition* as was required by § 109(h)(1). As explained below, the debtor may be under the impression that he completed credit counseling prepetition. However, his failure to provide, as required by § 521(b)(1), a certificate evidencing his receipt of prepetition credit counseling requires that the case be dismissed.

II

The debtor commenced this case by filing a voluntary petition on May 11, 2018, at 1:16 p.m., noting on his petition that he had obtained required prepetition credit counseling but did not yet have a certificate of such credit counseling. Three

2

days later, the debtor filed a certificate of credit counseling, from an approved agency, evidencing that he had completed credit counseling on the same day, May 14, 2018.  The court ordered the debtor to file an amended certificate of credit counseling, evidencing that the credit counseling was completed prior to the debtor filing his bankruptcy petition or to show cause why his case ought not be dismissed.

>The debtor responded with a *Praecipe* indicating:

>This case should not be dismissed because on May 11, 2018 I went online and registered for the Pre-Filing Bankruptcy Credit Counseling, Exhibit A; I also requested that the certificate be rushed[,] Exhibit B, but the certificate was completed but I received it on May 14, 2018[,] Exhibit C.

Exhibit A to the *Praecipe* is a part of an email from the credit counseling agency, which was apparently supposed to be on a wider screen, as the sentences were cut off at the margins so that the whole email is not available to be read.  In any event, this email indicated that the debtor had purchased a credit counseling course and provided the debtor with his "Access Code" to be used during the course.  This email was sent on May 11, 2018, at 12:37 p.m.  Exhibit B to the *Praecipe* is an email the debtor sent, only nine minutes later on May 11, 2018, at 12:46 p.m., to the credit counseling agency which reads "Could you please rush the CERTIFICATE I am schedule [sic] to have an [sic] heart operation and need to put in paper work to Bankruptcy court."  Exhibit C to the *Praecipe* is a copy of the Certificate of Counseling from the

approved agency the debtor filed in this case indicating the course was completed on May 14, 2018, at 8:17 a.m.

Even if the *Preacipe* could be read as suggesting a belief on the part of the debtor that *registration* for prepetition credit counseling satisfied the requirement of prepetition credit counseling, 11 U.S.C. § 109(h)(1) required prepetition *receipt of* (not merely *registration for*) credit counseling. Such counseling necessarily is not received until the counseling is completed.

The debtor's *Praecipe* does not say that he received prepetition credit counseling, and I note that it is highly unlikely that the debtor could have completed prepetition credit counseling in the 39 minutes left after registering for such counseling and before filing his petition.[2] For one thing, after completing any automated part of credit counseling, the debtor was required to engage in an interaction with a credit counselor before the counseling would be complete.[3]

---

[2] The debtor's Exhibit A, the email from the credit counseling agency, indicates that the debtor purchased the course and received his access code on May 11, 2018, at 12:37 p.m. This means the earliest the debtor could have begun the course is sometime after 12:37 p.m. on May 11. The petition the debtor filed commencing this case was received by the clerk's office on May 11 at 1:16 p.m. This means the debtor had only 39 minutes to complete the course prepetition and present the petition to the clerk's office.

[3] "In the case of Internet counseling and automated telephone counseling, counseling is not complete until the client has engaged in interaction with a counselor, whether by electronic mail, live chat, or telephone, following the automated portion of the counseling session." 28 C.F.R. § 58.22.

Even if the debtor's *Praecipe* could be read as asserting that the debtor completed credit counseling prepetition, the case would have to be dismissed.  By filing his petition commencing the case before having a certificate in hand, the debtor took a risk that the credit counseling agency's understanding of when counseling was completed might be that it was completed on a date that fell after the petition date.  The *Praecipe* disregards the requirement of 11 U.S.C. § 521(b)(1) that the debtor file a certificate evidencing that he received credit counseling prepetition.  The debtor has not filed any amended certificate changing the date and time of when credit counseling was completed, or requested additional time to file an amended certificate.[4]  Without a certificate complying with § 521(b)(1) having been filed, and without the *Praecipe* having addressed that failure, the debtor has not shown cause why the case ought not be dismissed.  Dismissal is warranted.

---

[4] Under 28 C.F.R. § 58.22(n)(3), an approved agency is required to identify on a certificate of credit counseling the "date and time (including the time zone) on which counseling services were completed by the client."  Failure to accurately comply with that requirement could affect the agency's eligibility to continue as an approved agency, and if the debtor had brought to the agency's attention any inaccuracy regarding the date and time of completion of counseling, the agency would have had an incentive to issue a corrected certificate.

5

III

For the aforesaid reasons, an order follows dismissing this case.

[Signed and dated above.]

Copies to: Debtor by hand-mailing; e-recipients of orders.